UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Velma Renee Leonard | Civil Action No. 6:20-00377 |
| versus | Judge Summerhays |
| Nissan North America, Inc., et al. | Magistrate Judge Carol B. Whitehurst |

**JURISDICTIONAL REVIEW FINDINGS**

In this matter filed directly in this Court, the plaintiff alleges that this Court has jurisdiction over this matter because the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional threshold of $75,000.00. The plaintiff also argues her claims give rise to federal question jurisdiction under the Magnusson Moss Warranty Act, 15 U.S.C. 2301, *et seq*.

The record shall reflect that this Court has conducted a review of the pleadings. Although the plaintiff alleges that diversity jurisdiction exists, a review of the pleadings shows that it does not. The plaintiff is a citizen of Louisiana, while defendant Nissan North America, Inc. is a California corporation with its principal place of business in Tennessee, and defendant Giles Automotive, Inc. is a Texas corporation with its principal place of business in Lafayette, Louisiana. Therefore, complete diversity does not exist.

Nevertheless, the parties agree that federal question jurisdiction exists in this case under the Magnusson Moss Warranty Act, 15 U.S.C. 2301, *et seq*. The MMWA grants federal courts jurisdiction to hear claims for breach of express and implied warranty with the following limitation:

> No claim shall be cognizable in a suit brought [in federal court] ... if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit....

15 U.S.C. §2310(d)(3). Accordingly, federal question jurisdiction under the MMWA is limited to breach-of-warranty claims for which the amount in controversy is at least $50,000. In *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887–88 (5th Cir. 2014), the Fifth Circuit recognized several limitations in calculating the amount in controversy under the MMWA. First, personal injury damages for breach of warranty, which are not recoverable under the MMWA, may not be counted to satisfy the jurisdictional amount. *Boelens v. Redman Homes, Inc,* 748 F.2d 1058, 1069 (5th. Cir. 1984). Second, attorneys' fees may not be used to satisfy the jurisdictional amount, because the MMWA requires that the amount in controversy be calculated "exclusive of interests and costs." *Id.; see also Samuel–Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392, 402 (3rd Cir.2004) ("Nor may attorneys' fees be considered in calculating the jurisdictional amount."). Finally, damages for any pendent state-law claims should not be included to satisfy the jurisdictional amount. *Boelens,* 748 F.2d at 1071 n. 19.

In the instant matter, the undersigned concludes that the plaintiff has asserted breach of warranty claims that fall under the Act. Additionally, the $50,000 minimum amount in controversy under the MMWA is established, given that the purchase price of the vehicle in question -- $50,598 -- is sought as the first item of damages.

Considering the foregoing, the undersigned concludes that jurisdiction is established in this case.

Thus done and signed in Lafayette, Louisiana this 28th day of January 2021.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE